UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> E & J ELECTRICAL CONTRACTOR, LLC, <br><br> *Defendant*. | Civil Action No. 18-2746 (PGS) (DEA) <br><br> MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiffs Trustees of the IBEW Local 351 Pension Fund, IBEW Local Union No. 351, IBEW Local 351 Surety Fund, IBEW Local 351 Welfare Fund, IBEW Local 351 Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Fund (collectively, "Plaintiffs"), Motion for Default Judgment against Defendant E & J Electrical Contractor, LLC. ("Defendant") (ECF No. 7).

Plaintiffs and Defendant are parties to an "Inside Agreement" which established certain fringe benefit contributions that were to be made to Plaintiffs by Defendant on behalf of eligible members who have worked for Defendant. (Compl., ECF No. 1, at ¶ 16). Through the Inside Agreement, Defendant agreed to abide by the terms of an Agreement and Declaration of Trust ("Trust Agreement"), as well as a Collection Policy. (*Id.* at ¶ 17). The Trust Agreement required that fringe benefit contributions be made for eligible members on a timely basis. (*Id.*)

1

Plaintiffs allege that Defendant has paid delinquent contributions of $68,601.73, which represents the payroll period of September 1, 2011 through March 31, 2012, but has failed to remit contributions to the funds for the benefit of its employees. (*Id.* at ¶ 18). Further, Plaintiffs allege that Defendant has failed and refused to pay the delinquent penalties in the amount of $3,713.83 required by the Inside Agreement, Trust Agreement, and Collection Policy, for the payroll period of September 1, 2011 through March 31, 2012. (*Id.* at ¶ 19).

On February 27, 2018, Plaintiffs filed a Complaint in the United States District Court for the District of New Jersey alleging that Defendant failed to make $3,713.83 in delinquent penalties as required by the Inside Agreement, Trust Agreement, and Collection Policy. On March 2, 2018, Defendant was served with the Summons and Complaint. On March 29, 2018, after Defendant failed to answer or otherwise respond to the Complaint, Plaintiffs requested that the Clerk enter default against Defendant pursuant to Fed. R. Civ. P. 55(a). On that same date, the Clerk entered default against Defendant. On May 15, 2018, Plaintiffs filed the instant Motion for Default Judgment seeking payment of delinquent penalties in the amount of $3,713.83, including liquidated damages in the amount of $742.77, attorneys' fees in the amount of $976.50, and costs in the amount of $459.99.

I

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the movant can apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The threshold issue in opening a default judgment is whether a meritorious defense has been asserted." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if

established on trial would constitute a complete defense to the action.'" *Id.* (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (1951)).

When considering a motion for default judgment, a court must exercise sound judicial discretion. *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). The Third Circuit has identified three factors courts should consider when weighing whether to enter a default judgment: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers State Wide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)). However, the Third Circuit has repeatedly stated its strong preference that cases be disposed of on the merits, and required that district courts determine whether any sanction short of a default judgment would be effective. *See Hritz*, 732 F.2d at 1181.

II

In the instant matter, Defendant was served with summons and complaint on March 2, 2018. Since then, Defendant has not filed any responsive pleading or otherwise responded in any way to the Complaint. Here the Court is concerned about the punitive nature of the relief sought because Defendant has satisfied the delinquent contributions of $68,601.73.

In support of their Motion for Default Judgment, Plaintiffs submit the Declaration of their attorney who indicates that the Inside Agreement provides for interest, liquidated damages and imposition of attorney's fees owned on and collection of delinquent contributions. *See* Decl. of Feehan, ECF No. 7-1, at ¶ 8, *see also* ECF No. 7, Ex. B. After reviewing the Plaintiffs' submissions, the declaration does not specifically set forth the reason or justification for imposition of such alleged damages when the delinquent fees have been paid. To me, some common sense must dictate whether the suit, and the request to impose damages in the amount of $5,893.09 is reasonable. Here, the

satisfaction of the amount owned without litigation outweighs the reasonableness of this action. As such, the Court will impose judgment for delinquent penalty, but deny liquidated damages, cost of suit and legal fees.

### ORDER

This matter having come before the Court on Plaintiffs' Motion for Default Judgment against Defendant E & J Electrical Contractor, LLC (ECF No. 7); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 23rd day of January, 2019,

**ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 7) is **GRANTED**; and it is further

**ORDERED** that Judgment is entered against Defendant Phillipsburg Marble Company, Inc. in the amount of $3,713.83.

PETER G. SHERIDAN, U.S.D.J.